Good morning, Your Honors. My name is Mark Malumfy, and I represent the plaintiff and appellant. And I would respectfully request three minutes for rebuttal. Watch your time. Yes. Thank you. Thank you. Let me first say that this case presents a, in my experience anyway, a very unusual situation. It's a derivative action, but as the Court, I'm sure, is aware, most, if not 99 percent of derivative actions are filed by a shareholder without bothering to make a demand. This case, my client did make a demand. Was it the best and most detailed demand? In hindsight, perhaps not. But it did place Walmart on notice of the types of claims it alleged that Walmart had. Now in the one percent of cases in which a demand letter is actually sent to a corporation, almost always the corporation responds. And almost always that's a rejection of the demand. We've done an investigation. We've looked at the documents. We've interviewed the people. The costs don't make sense given the risks involved. This case isn't even that case. In this case, a demand was made, and it was deferred. We're going on five years now, and a decision has not been made based upon my client's demand. This is not a case, even with the demand rejection cases, in which a shareholder, after making a demand, goes ahead and files a few days later a case. In other words, some of these cases that have been cited in the briefs, the shareholder acted prematurely, didn't give the chance to the board to act on the demand. So we thought that we would. All right. So why does all this matter? I mean, we have to assume there's two strains of cases, some of which demands were made, some of which demands aren't made. A demand was made. There's case law about what happens if a demand was made. Well, the reason it's important is because our fundamental position in this appeal is it was not a rational business judgment to defer acting on my demand. No courts in any circuit has ever held that a board is entitled to defer acting on a demand, let alone for five years. Two months, three months, maybe. But for five years, that is not an exercise of sound business judgment. No court- Depends on the reason for the delay, doesn't it? It does. What's the reason for the delay here, on this record? Well, on this record, the explanation according to the letter my client received in response is that the Dukes case, another class action is still pending in the court. Oh, forget what they said on the demand. On the record, we look to see why. And would Walmart have had to make some admission that would be against its interest if it had proceeded with what your client wanted it to do? The allegation by Walmart is that they would have to do that. No, but does the record suggest that there's anything to the allegation? Not in my, well, potentially the officers and directors, if my theory of the case, my client's theory of the case is correct, they did something wrong, yes, I suppose that would be an admission that could be used against Walmart. But that's the case in every derivative action. But only if there's a, here there was already pending litigation. Correct. But as I understand it, your brief essentially tries to switch gears entirely and say, all right, forget the Dukes case. But, and maybe they had a rational business judgment with regard to the Dukes case. That's what I understood you to basically be saying. But we were talking about other cases, too, some of which were already over anyway. And as to those which they sort of allude to but don't specifically address, their main profit reason doesn't apply. That's correct. And the problem is that, first of all, the letter you sent them doesn't seem to me to so plainly encompass already concluded cases. Do you think it does? I think it does. And why is that? Well, the letter we have, which is the appendix starting at page 39, does describe other litigation, including cases that at that time were still pending in 2004. I know it describes other litigation, but it seems to only describe pending litigation. Well, there are other cases that had been resolved as of that point. And what the letter does is rather than detail each and every one, refers the company back to the two or three-page discussion in its 10-K. And Walmart, to this day, has a section on legal proceedings in which it describes the proceedings. Walmart knew that it had been fined, for example. It knew that it had settled other class action litigation. These are monies that had already been paid. And to accept the district court's reasoning for dismissing my client's complaint, you would have to find that in bringing a case against Walmart's officers and directors for that litigation, unrelated to gender discrimination in Dukes, they would be making some type of binding admission that could be used against them in Dukes. Now, I disagree that even as a concept that that's a proper basis in which to act, because every day of the week there are class actions and derivative actions proceeding concurrently. So if the rule of law was that simply because you have related litigation pending, you could defer acting until that case was over, I imagine you would see cases like that. Are there any examples of those cases? There are no. There are no cases that were ---- You said it happens every day of the week. Oh, that were derivative litigation proceeds concurrently with class action litigation? Well, concurrently with actions in which the defendant is the corporation as to which you're trying to essentially have the defendant sue themselves for allowing the circumstances underlying the class action to exist. That's basically what you're doing here. Yeah. No, typically, yes, they do occur every day. But typically, it's a shareholder bringing that derivative action. Okay. Not the corporation itself. But no one cited one. No one has cited such a case as far as I know. Well, you're correct. There's nothing in the record establishing as a undisputed fact that derivative actions proceed concurrently with class actions. I would ---- But you didn't think there would be a reported case someplace, and you say no one cited one. Well, that's correct. And my position is you would think if the rule was a board could defer acting on a demand merely because pending related litigation is going forward and defer acting until that case is over, you would think those cases would be cited. And there are no such cases. That the cases that are cited by both courts come to the conclusion that a board must act on a demand. And if it's not going to act, it has to come up with an explanation. Now, the explanation in this case accepted at the district court level was that the Dukes case is still pending. Well, everyone is treating this as a rejection. So you don't have a procedural problem. Right? In other words, everybody agrees that this is a rejection, and we are evaluating it as a rejection. That's correct. But my point is it's even worse than the rejection case. When you have a rejection, at least you have a decision by the board after an investigation. That hasn't occurred here. That's what makes this case so unusual. They've not taken the option, as they could have, and we frankly probably wouldn't be here. I suppose you get over all this, and then essentially the merits come up, and the question is have you adequately pled a merits cause of action. Right. And the district court held, as I understand it, in the Wal-Mart argues, that you have the kind of cause of action that you're pleading, which is essentially for oversight. It almost never succeeds in that you've had absolutely no specifics. There's nothing in the complaint that would establish that. And generally, with respect to that and with respect to the other issue, that leads to the question of amendment. And what you would, if we allowed you to amend, what would you amend with? Thank you. Very good questions. And I don't think the district court ever reached really the specificity of the claims in detail. It focused its decision on the demand-refused part of it. And it is a Karamark case. And defendants, as they point out repeatedly in their briefs, say this is one of the most difficult claims to proceed upon. But that's a snippet argument. Respectfully, Your Honor, those cases that say that are citing the fact that directors typically do not oversee the types of wrongdoing that is being alleged. In other words, the Karamark cases are so difficult because the plaintiff has to show that the director defendants knew what was going on or put their head in the sand. So the typical day-to-day operations of a business, the directors don't do that. But the type of conduct we've alleged in this case is not the typical Karamark case. It alleged gender discrimination, work and hour allegations, FIHA violations that were subject to governmental investigations in which the company was fined. We believe, if we're given the opportunity to amend, and we believe the court committed error in not at least giving us that chance, that in the four years in which this case has progressed since the demand, we'd be prepared to add numerous allegations, not only about the process in which the demand was refused, but also distinguishing for the court, since it wasn't clear in our complaint, the difference between the pending litigations and the resolved litigations, and why the board could have gone forward and considered a demand on the resolved litigations, why they're unrelated to the pending litigations, why it would not be an admission against interest to sue those officers and directors and use against them in, for example, the Dukes case. We didn't have that opportunity. And in the case of this magnitude, of this size, of this amount of damages, $400 to $500 million paid in the last 90 days alone, Your Honors, leave, at a minimum, should have been granted to give us the opportunity to add everything that we've learned in the last four years since the demand was entered. Reports, evidence that's been produced both in bench trials against Wal-Mart and in class certification motions pending in several jurisdictions. We've attached several of the memorandum opinions to our brief. We believe there's fertile ground to, if we're given the opportunity, to amend our complaint. Remember, this case was dismissed based upon lack of particularity. Without oral argument, our first chance. We believe we should have the opportunity, at a minimum, to add the details to address the Court's concerns. What would you point to in the complaint with regard to the control allegations, the merits allegations, as to their specificity? Now, 23.1 doesn't apply to that, is that right? It only applies to the demand issues, the heightened pleading? That's correct, Your Honor. All right. But what would you point to in the complaint? The control allegations, I believe, are around paragraph 78 to 83. Now, that seems to be the demand allegations. Oh. Starting at paragraph 86, Your Honor, has allegations that are related to the demand issues. All the allegations relating to the personal and business ties of the defendants. I don't understand. Paragraph 84 has the control, controlling interest of Wal-Mart's stock. I thought the issue was whether it is the allegation, the basic merits allegation is that the directors do not sufficiently oversee the company. Is that the basic, with regard to these issues? Yeah. The basic allegation is that. Where's that? The knowledge and so on that's needed for the allegation. Well, with respect to the allegations that they personally participated in the oversight of the company, the policies and procedures relating to its employment practices, the directions from the home office relating to those allegations. But don't you have to assert that these defendants actually knew what was happening? And, I mean, you're relying on inferences, as I understand it. Oh, yeah. They never allege that they knew and that they had an obligation to oversee and they didn't do it. Where is that? Well, the allegations that I have are paragraphs 72 through 76. And that's where we talk about the policies and practices were well known and authorized to Walmart's management and board, including the defendants. We note that the court found in the Duke's case that the Walmart home office was personally involved and exercised control and management over the local and regional operations, specifically as it pertained to employment issues, that as found by the Ninth Circuit as well as the circuit court, excuse me, the district court in Minnesota recently, that the home office was directly involved in hiring, promotion and pay practices, that they actually, now that's within my complaint, obviously in four years and with the benefit of several trial transcripts, expert reports and bench verdicts, I have reams of additional data specifying, for example, a Shipley audit that was conducted for the benefit of the home office at Walmart that reported that of 128 field offices, excuse me, stores monitored 127 were not following employment rules. This was in 2000 they had notice of this. I mean, that's just one example. But I could, if given the opportunity and leave to amend, add much more specific, particular, particularized facts to establish the home office's control and specifically the directors and officers that we've sued in this case, their control and knowledge of these policies and their decision, conscious decision, not to do anything about it. I think that's the essence of my case. Is there enough particularized facts here? The district court found no, but if that's the case, I think I should be given the opportunity, given the benefit of four years of additional facts that we've learned, to amend our complaint and at least try to respond to the court's concerns. Thank you. Thank you. We'll give you a minute or two. All right, Roberto. Good morning or good afternoon, Your Honors. My name is Steve Radin. I represent the defendants in this action, and I'm speaking today on behalf of both the defendants and the nominal defendant, Walmart. The Plaintiff's counsel says he'd like to amend the complaint because the complaint isn't clear regarding the distinction between resolved cases and unresolved cases. Well, this matter doesn't begin with the complaint. It begins with the demand, and the demand was a demand about Dukes. It said, referred to Dukes by name. It was the only case referred to by name, and there was sort of a tag-along and other proceedings. I suppose he could allege futility with regard to the others, and you'd have both a demand case and a non-demand case. Well, he didn't. I know he didn't, but that could have meant his complaint. But he made a demand with respect to Dukes and the other proceedings. The demand, the focus, the 100-pound gorilla is Dukes. The Board responds and deals with Dukes and the other proceedings. If he wants to the remedy is not to amend the complaint. The remedy is to make a new demand and to focus on what it is he now claims. He now concedes, I think, for the first time in a reply brief directly, that the Board did have a rational basis for refusing the demand, quote, at this time. That's what the last letter, last paragraph of the demand refusal letter says. The demand is no decision to file the suit is not in the best interest of the company, quote, at this time. Well, it is plain that the demand covered more than Dukes. Yes. Right. And it was not irrational for the Board to consider a demand that referred to Dukes and other employment issues as one demand about one issue. The complaint in paragraph 3 focuses on Dukes, quote, and other proceedings. Can I ask a background question, not being intimately familiar with Delaware derivative law? Well, it seemed to me reading through the cases that the this goes to just to forecast where I'm going, the question of business judgment as to what. And the case law seems to say if you don't make a demand, then you can either prove non-independent and so on, or you can prove a lack of reasonable business judgment as to the merits of the decision that you're challenging. But if you do make a demand, you can only challenge the reasonable business judgment as to the decision on the demand? Why would that be? It doesn't make any sense to me. Because by making the demand, the Delaware Supreme Court has held in several cases, most recently Grimes and Scattered, that you are conceding that this interest in this company is important. I understand that. That doesn't make sense to me, either. But that's the law. But the other piece of it I really don't understand, which is why it then switches as to what the reasonable business judgment is. Why are you worse off if you make a demand? I mean, or are you? That's what I'm trying to clarify, as to what the alternative prong is, whether the reasonable business judgment has to be as to the demand or as to the underlying behavior, i.e., here, the employment actions and so on. If you make a demand, the plaintiff, as I said, is conceding that the board is capable of acting with respect to the underlying conduct. I understand that part. The decision, therefore, is with respect to the decision regarding whether or not to bring the lawsuit. Okay. So why, on the other end, do you then get to review the merits when you've made no demand? Because if you make no demand, you have to demonstrate that demand would be futile. You have to plead with it. You're not answering the question. But I think there's a screw-up in the case law that is really kind of bizarre. Go ahead. The suggestion that no investigation was made is completely conclusory. The Levine case makes clear by the Delaware Supreme Court that you can't simply allege the board did nothing. The refusal letter demonstrates What if the board did nothing? How can you allege anything else? Well, you would allege that the board didn't meet. You would allege the board didn't discuss it. Here, you have a demand refusal letter that sets forth what the board did do. It sets forth the process by which independent counsel, the retired Chief Justice of the State of Delaware, was retained to guide the audit committee along with the process. The demand refusal letter describes five audit committee meetings at which various matters were discussed. It refers to two board meetings. The plaintiff doesn't You're saying it's not true that they did nothing. So that's sort of a factual question. But if they did nothing, then you can't allege anything other than they did nothing. But then the plaintiff would On the Delaware law, a plaintiff can make a demand under Section 220 of the Delaware General Corporation Statute asking for the minutes of board meetings with respect to anything about which the plaintiff has a proper purpose. These Delaware Supreme Court cases, beginning with Rails, state that the plaintiff does have, quote, tools at hand. The plaintiff could make a books and records demand for the minutes. Okay. The plaintiff could have asked for the minutes of these five meetings of the audit committee, the minutes of the board meeting, and the plaintiff then could have said what was and wasn't discussed at the meeting. This plaintiff doesn't allege the meetings didn't occur. He doesn't allege that they were short meetings. He doesn't allege that the pros and cons of suits weren't discussed. He doesn't allege there wasn't an investigation to make sure that in the event that there was problems within the corporation, those problems weren't continuing. You know, the notion that the letter even states that the Chief Justice Veazey asked Plaintiff's counsel to meet with him to discuss the matter. And that the Plaintiff's counsel wouldn't meet with the audit committee to discuss the matter. So there was a full investigation. But that's all factual quibble. It's not – I mean, not quibble. I mean, it seems more than a quibble. I mean, you seem to be right. That seems to be the facts. But why does that – why is that a pleading question? Because the plaintiff has to plead with particularity. Under 23.1 in substantive Delaware law, facts sufficient to overcome the presumption of the business judgment rule, which is that directors act in accordance with their fiduciary duties. The Second Circuit and RCM made some of the same points that you made this morning, Your Honor, regarding how difficult it is for plaintiffs to overcome this pleading burden in a case in which a demand is made. Perhaps that is why, as Mr. Malampy said, many shareholders don't make demands. But this plaintiff did. I think the Second Circuit's words in RCM, a case construing Delaware law, were, quote, few, if any, plaintiffs surmount this hurdle. Plaintiff's briefs, two of them, totaling about 75 pages, don't cite a single case in which a plaintiff made a demand and a court concluded that the plaintiff had pleaded facts showing an irrational refusal of the demand. Our brief has 11 cases cited, including four from the Delaware Supreme Court. The notion that you can pick and choose among the cases when the demand didn't, I don't think it – Ultimately, that the question of how particular is particular is a Federal question not a State question. The – I believe the cases say that 23.1 requires particularity, what it is that must be pleaded with particularity, determined by State law. That can't be right. And I don't think it's even true in case law, but it can't be right, because it's a Federal rule. I mean, I – and what is particular enough for the Federal rules has to be a Federal question. I think the Supreme Court's decision in Kamen v. Kemper discusses this issue and says that a Federal rule of civil procedure can't change – it's a procedural rule. It can't change substantive law. That's right. So therefore, it can't change the rule as to what, in fact, the demand has to be, but as to what has to be in the pleadings is a different matter. But the pleading has to be with particularity the facts sufficient to state a claim under State law. Right. That's true. And State law requires pleading with particularity. Okay. All right. The notion that, as I was saying, Your Honor, that you can pick and choose among the different proceedings I don't think makes a lot of sense. The demand was one demand, as I said before. The demand focused upon Dukes and other proceedings. These were all employment law proceedings.  If they believed that there had been wrongdoing in a particular employment law matter, that they could bring a claim against officers of Walmart with respect to one employment law matter, and that wouldn't be used against the company in other Walmart matters, this doesn't make sense. Of course there's the relationship. And again, if Plaintiff thinks there isn't, Plaintiff can make a new demand. Yes. How would it be used? I mean, if you have the Dukes case, and it's about X, and you have another case about wage and hour, say, and I don't quite see why one is going to infect the other. I mean, I suppose there would be some factual development about the structure of the company and how it makes employment decisions. And there might be the same people involved. Yeah. Right. And again, you could – certainly one could imagine circumstances in which in one employment law case, a concession by the company, a concession by the company in a lawsuit against people could be used against them. This is exactly why the demand requirement is there. It's exactly what the Supreme Court talked about in Daly, Forrest, and Kamen. And it's what the Delaware Supreme Court has talked about in all the other decisions that we cite. This is why boards make decisions. This is why boards decide whether or not litigation is in the best interest of the company. The plaintiff would have you believe that nothing has happened for four years. Well, the first year and three-quarters of that period was the time between when the demand was refused and when the plaintiff filed the case in the district court. So that's a little bit unfair to talk about four years when it took almost two to file the case. It's also contrary to fact. The letter specifically says that the demand would be reconsidered at the conclusion of the Duke's case or, sooner if events make it appropriate. To assume the board has done nothing in four years on this subject would be to assume a breach of fiduciary duty. That's the opposite presumption of the business judgment rule, which presumes that directors don't breach their fiduciary duty. It's also contrary to fact, as the Plaintiff's counsel knows, there has been board discussion regarding these issues, particularly the non-Duke's case, since the demand of the November 2004 letter. Those discussions have been communicated to the Plaintiff's counsel. It's not on the record, but I think it's unfair for him to stand up here and say that nothing has happened on any of these issues in four years. With respect to the leave to amend, I want to make it very clear that we do not contend that the district court decided anything other than the refusal of the demand in 2004, November 2004. The Plaintiff doesn't need leave to amend to have a remedy to go back and challenge this. The Plaintiff can challenge the ultimate decision made with respect to the demand. The Plaintiff can challenge the decision with respect to any other demand the Plaintiff may make, outlining the arguments he's made today. And the question that the district court's failure to articulate a specific reason why a further amendment would not be necessary, one case that we did not we did cite in our brief, but we didn't make this particular point, the Silicon Graphics case. But this case seems to be one in which it's pretty obvious. Well, it's not obvious, but it seems hard to say that we can tell in advance that any amendment would be futile. How can we say that? Well, the Plaintiff hasn't told you what he's going to say in the amendment. Well, he's given us some indication of what he's going to say, certainly with regard to the demand letter, he's going to what he says what he's going to say. And I suppose so the only way we could decide that the amendment would be futile would be to accept the notion that the demand letter was insufficient to support the allegations that he would make. Is that right? In other words, he says he has a bunch of cases that are already concluded and he would  run to them and he would be very specific about them and he could, and so on. And to which your answer, as I understand it, is, but they're not accomplished in the demand letter. Is that right? The demand, the demand, he should, if that's his claim, that's a different claim than what's in the demand letter, he should make a new demand with respect to that claim, outline the arguments he's made to you this morning, and await his response. But that would be, is that your only futility argument? Is there any other reason it would be futile? It would be futile because he hasn't, he has not told you what it is about the November 2004 decision that he would challenge. He did tell us. I thought he told us. He told us about other cases involving underlying conduct. He pointed you to paragraphs 72 to 76 of the complaint, which have nothing to do with the board of directors, nothing to do with the overhead of cases. Well, that goes to the merits. That's what I was sort of looking for. So the other futility argument would be that, that as to the underlying oversight claim, it can't be pled properly. That is correct. But he also hasn't told you what he's going to say about the 2004 decision. I outlined a few minutes ago all the things that he could have pled if he had any Rule 11 basis to plead them. He can't. To simply say that there have been other cases involving Walmart, not corporate governance cases, not cases involving the board of directors, and that after four years he'd like a shot at doing what he didn't do in the district court. I'm having a hard time seeing why he couldn't do that. He is claiming that, that he was always talking about more than Walmart, I mean, more than Dukes, and which he was, and you were answering with regard to more than Dukes, and he's saying some of those cases were already finished, so the reason given, i.e., that there was going to be some infection, can't be true. And, you know, it's worth a shot. Why is it he did tell us that much, and that would have to be futile for some reason. But he should make that demand and see what response he gets. Oh, I understand that. But you're saying he didn't tell us. He told us. So you need a reason why it would be futile to add that. It's not what his demand was. He can't. Okay. Well, that's what I thought your response was, and that's a reasonable response. But it's not because he didn't tell us. He told us. Okay. Well, ordinarily, you should tell the district court what it is that you'd like to say in an amendment. Okay. Anything else? I see my time is up. I know. I asked a lot of it, though. So if you want to go on for another minute or so, you may. But you don't have to. I would be the no, I'll sit down. Thank you very much. You have about a minute and a half. Thank you, Your Honor. Very quickly, Walmart's counsel is correct. I did not specifically request in my opposition to their motion, if their motion was granted, what I would do to amend the complaint. But the law does not require that. And had there been oral argument, I certainly would have done that had I known that the court was inclined to grant the motion. You didn't move for reconsideration, either, did you? I did not. Your Honor, correct. With respect to the ultimate decision, I certainly have, I think, demonstrated that at a minimum, I'm prepared to allege additional facts, which I don't think would render an amendment futile. I think the underlying cause of action, the Karamark type of case, I think, bears itself to the exact type of misconduct. What about their response that it makes more sense, given the fact that the demand letter, as you yourself said when you first stood up, is not a model of clarity and certainly isn't a model of clarity with regard to covering already concluded cases, to just start again? Well, quick response to that is, they have said in their own responses, we understood it covers other proceedings, and we will assume that there are valid claims by Walmart against those people in those other proceedings. We still do not think it's in the best interest to act at this time. So they've assumed that those allegations create liable ---- I would say a fair reading of your demand is that it covered pending cases but not completed cases. I mean, reading it carefully, that seemed to me to be fair, because you don't say anything about completed cases. Well, we certainly do in our complaint. Yes, I know, but not in the demand. Well, I respectfully disagree. It certainly was meant to be ---- Well, look at it, because I think you won't. It was meant to cover, you know, and we cite, for example, we cite fines. Well, you don't pay a fine for a case that's not resolved. Attorney's fees. You don't pay attorney's fees for a case that's not resolved. There's liability, there's expenses of ---- Fairly read, certainly did, but I don't know about the demand. Okay. And my final point, Your Honor, is part of the question is the process. Can we, if given leave to amend, allege additional facts about the process of the board's consideration? Let me just throw out one fact. They cited Chief Justice Besee, who happens to be a member of the Weill-Gottschall firm at this time. At the time he was retained by the Audit Committee, he was working for Weill-Gottschall. So he was representing Walmart in investigating whether Walmart had valid claims against the officers and directors. Weill-Gottschall is now representing the individual defendants and has been in this case. That's a conflict. That's one example of what we, if given the opportunity, would allege. Okay. Thank you very much. Thank you. Thank you, counsel, for a useful argument. And the case is submitted and we are in recess. Thank you.
judges: Farris, Noonan, Berzon